**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RYAN BLACK and DAYNIA McDONALD** | ) | |
| **on behalf of themselves and all other** | ) | |
| **persons similarly situated,** | ) | **Case No.** |
| | ) | |
| **Plaintiffs,** | ) | **Judge** |
| | ) | |
| **v.** | ) | **Magistrate Judge** |
| | ) | |
| **P.F. CHANG'S CHINA BISTRO, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs Ryan Black and Daynia McDonald (collectively "Plaintiffs"),

individually and on behalf of all others similarly situated, as class representatives, upon

personal knowledge as to themselves, and upon information and belief as to other

matters, allege as follows:

## NATURE OF THE ACTION

1.    This lawsuit seeks to recover minimum wages, overtime compensation,

misappropriated tips, unlawful deductions, and other wages for Plaintiffs and their

similarly situated co-workers – employees paid sub-minimum, tip-credit rates of pay,

including but not limited to servers, bussers, runners, and bartenders (collectively "tipped

workers") – who work or have worked at P.F. Chang's China Bistro restaurants owned

and/or operated by P.F. Chang's China Bistro, Inc. ("P.F. Chang's" or "Defendant") in

the United States.

2.     Plaintiffs bring this action on behalf of themselves and similarly situated

current and former employees who elect to opt in to this action pursuant to the Fair Labor

Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

3.     Plaintiff Ryan Black ("Plaintiff Black") also brings this action on behalf of himself and similarly situated current and former tipped workers in Illinois pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/3(d) *et seq.* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/1, *et seq.*

4.     Plaintiff Daynia McDonald ("Plaintiff McDonald") also brings this action on behalf of herself and similarly situated current and former tipped workers in New York pursuant to Rule 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

5.     P.F. Chang's is one of the leading Asian-inspired full service casual restaurant chains in the United States and presently owns and operates approximately 218 locations in the United States.[1]

6.     Defendant maintained control, oversight, and direction over Plaintiffs and similarly situated tipped workers, including the ability to hire, fire, and discipline them.

7.     At all times relevant, Defendant paid Plaintiffs and other tipped workers at a sub-minimum tip-credit wage rate less than the full minimum wage rate for non-tipped workers.

8.     Defendant maintained a policy and practice whereby it failed to provide tipped workers with the statutorily required notice that Defendant intended to pay tipped

---

[1] *See* All P.F. Chang's Locations:  P.F. Chang's Website, *available at* https://www.pfchangs.com/locations /all (last accessed March 22, 2016).

workers the sub-minimum tip-credit wage rate.

9.    Defendant did not satisfy the strict requirements under the FLSA, the IMWL, and the NYLL that would allow it to pay this reduced minimum wage (i.e. take a "tip credit").

10.    Defendant maintained a policy or practice whereby tipped workers were required to perform non-tip producing side work *unrelated* to the employee's tipped occupation.  As a result, tipped workers are engaged in a dual occupation while being compensated at the tip credit rate.

11.    Defendant also maintained a policy and practice whereby tipped workers were required to spend a substantial amount of time, more than 20% of their time worked, performing non-tip producing side work *related* to the employee's tipped occupation.

12.    Specifically, Defendant maintained a policy and practice whereby tipped workers were required to spend a substantial amount of time performing non-tip producing side work including, but not limited to, general cleaning of the restaurant, preparing food for customers, refilling condiments, and restocking and replenishing service areas.

13.    Defendant required tipped workers to perform side work at the start, during, and the end of every shift.

14.    Defendant required tipped workers to perform substantial side work before the restaurant opened or after the restaurants closed for service and customers had left.

15.    For instance, Defendant typically required tipped workers to arrive between 30 – 45 minutes prior to the start of customer service for lunch shifts.  In another

example, Defendant typically required tipped workers to stay approximately 1.5 - 2 hours after the close of service to perform closing side work.

16.    Defendant paid tipped workers for this work at a sub-minimum hourly wage rate.

17.    Many side work and other duties that Defendant required tipped workers to perform are duties that are customarily assigned to "back-of-the-house" employees in other restaurants, who typically receive at least the full minimum wage rate.

18.    The side work and dual job tasks that Defendant required tipped workers to perform includes, but was not limited to:  (1) sweeping the floors of the restaurant; (2) cleaning the stainless steel kitchen appliances; (3) folding and restocking to-go food containers; (4) restocking napkins; (5) emptying garbage bins; (6) cleaning server service stations; (7) restocking dinnerware; (8) refilling ice; (9) cleaning and refilling chili oil, soy sauce, and hot mustard condiment containers; (10) cleaning and refilling sugar caddies; (11) brewing coffee and tea; (12) cutting fruit; (13) plating and preparing food for customers, such as desserts; (14) rolling silverware; (15) deep cleaning of booths; and (16) polishing and shining floor lamps.

19.    The side work and dual job duties described above are not specific to particular customers, tables, or sections, but are performed in mass quantities for the entire shift or for future shifts.

20.    Defendant's timekeeping system was capable of tracking multiple job codes for different work assignments.

21.    However, Defendant did not allow its tipped workers to clock in at the full minimum wage rate when performing the side work and dual jobs described in this

4

Complaint, although Defendant had the capacity to do so.

22.     Defendant also maintained a policy and practice where tipped workers were encouraged to work off-the-clock.

23.     Some of the work that Plaintiff Black performed off-the-clock was in excess of 40 hours in a workweek.

24.     While working off-the-clock, Plaintiffs were engaged in non-tip producing side work, as described above.

25.     Defendant also required Plaintiffs and other tipped workers to engage in a tip distribution scheme wherein they must share tips with employees working as quality assurance ("QA") and/or expeditors.

26.     QAs and expeditors are not entitled to share tips under the FLSA, the IMWL or the NYLL.

27.     Individuals employed as QAs and/or expeditors work in the back-of-the-house and are responsible for plating food dishes and organizing food trays for service to customers by servers or food runners.  In this regard, QAs and/or expeditors do not wait on customers, take customer orders, or deliver food or beverages to customers.  As a result, QAs and/or expeditors are not entitled to share tips under the FLSA, the IMWL, and the NYLL.

28.     Defendant also maintained a policy and practice whereby they take unlawful deductions from tipped workers' compensation.

29.     Defendant required tipped workers to pay customers' bills when the customers walked out of the restaurant without paying for their meals, commonly referred to as a "customer walkout."

## THE PARTIES

**Ryan Black**

30.     Ryan Black is an adult individual who is a resident of Volo, Illinois.

31.     Plaintiff Black was employed as a server at P.F. Chang's restaurant located at 2361 Fountain Square Drive, Lombard, Illinois 60148, from in or around the Fall of 2012 through Spring 2014.

32.     Plaintiff Black is a covered employee within the meaning of the FLSA and the IMWL.

33.     A written consent form for Plaintiff Black is attached to this Complaint as Exhibit A.

**Daynia McDonald**

34.      Daynia McDonald is an adult individual who is a resident of Hollis, New York.

35.     Plaintiff McDonald was employed as a server at P.F. Chang's restaurant located at 1504 Old Country Road, Westbury, New York 11590, from in or around November 2013 through February 14, 2014.

36.     Plaintiff McDonald is a covered employee within the meaning of the FLSA and the NYLL.

37.     A written consent form for Plaintiff McDonald is attached to this Complaint as Exhibit B.

**P.F. Chang's China Bistro, Inc.**

38.     P.F. Chang's China Bistro, Inc. owned and/or operated P.F. Chang's restaurants during the relevant time period.

39.     P.F. Chang's principal executive office is located at 7676 E. Pinnacle Peak Road, Scottsdale, Arizona 85255.

40.     P.F. Chang's is a foreign corporation doing business in the state of Illinois and the state of New York.

41.     At all relevant times, P.F. Chang's maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

42.     On information and belief, P.F. Chang's allowed employees to freely transfer between, or be shared by, the various P.F. Chang's restaurants it operated without retraining such employees.

43.     P.F. Chang's applied the same employment policies, practices, and procedures to all tipped workers at its P.F. Chang's restaurants, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, tips, and the making of unlawful deductions.

44.     Upon information and belief, at all relevant times P.F. Chang's had an annual gross volume of sales in excess of $500,000.

## JURISDICTION AND VENUE

45.     This Court has federal question jurisdiction over Plaintiffs' FLSA claims, which arise under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

46.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

47.     Defendant is subject to personal jurisdiction in Illinois because it operates and transacts business in this state.

48.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiffs bring their FLSA collective action claims on behalf of themselves and all similarly situated current and former tipped workers employed at P.F Chang's restaurants in the three years prior to the filing of this Complaint and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective Members").

50.     At all relevant times, Plaintiffs and the FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiffs at the legally required minimum wage for all hours worked and one-and-one-half times this rate for work in excess of 40 hours per workweek, requiring tipped workers to engage in dual job duties and to perform related side work for more than twenty percent of their work time, and failing to provide proper notice of the tip-credit provisions of the FLSA.

51.     Defendant also required Plaintiffs and the FLSA Collective Members to work off-the-clock and without compensation in violation of the FLSA and took deductions from Plaintiffs' compensation that caused them not to retain all of their tips or to earn below the minimum wage.

52.     Plaintiffs' claims stated herein are essentially the same as those of the

other FLSA Collective Members.

53.     Defendant's unlawful practice of requiring tipped workers to work off-the-clock, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to record the hours that employees worked.

54.     Defendant is aware or should have been aware that federal law required it to pay employees minimum wage for all of the hours they work.

55.     Defendant is aware or should have been aware that federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

56.     The FLSA Collective Members and their contact information are readily ascertainable from Defendant's payroll records.

## ILLINOIS CLASS ACTION ALLEGATIONS

57.     Plaintiff Black brings the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, Illinois Wage and Hour claims, under Rule 23, on behalf of himself and all similarly situated current and former tipped workers employed at P.F. Chang's restaurants in Illinois between April 1, 2013, which is three years prior to the filing of this Complaint, and the date of final judgment in this matter ("IL Rule 23 Class").

58.     Excluded from the IL Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the IL Rule 23 Class.

59.     The members of the IL Rule 23 Class ("IL Rule 23 Class Members") are readily ascertainable from Defendant's payroll records.

60.     The IL Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

61.     There are more than 100 IL Rule 23 Class Members.

62.     Plaintiff Black's claims are typical of those claims which could be alleged by any IL Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each IL Rule 23 Class Member in separate actions.

63.     All the IL Rule 23 Class Members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wages, failing to pay overtime, failing to pay for off-the-clock work, and failing to properly distribute tips.

64.     Plaintiff Black and the IL Rule 23 Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et. seq.*

65.     Plaintiff Black and the IL Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.

66.     Plaintiff Black is able to fairly and adequately protect the interests of the IL Rule 23 Class Members and has no interests antagonistic to the IL Rule 23 Class Members.

67.     Plaintiff Black is represented by attorneys who are experienced and

10

competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

68. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation – where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

69. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

70. Because the losses, injuries, and damages suffered by each of the individual IL Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual IL Rule 23 Class Members to redress the wrongs done to them.

71. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

72. The prosecution of separate actions by individual IL Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual IL Rule 23 Class Members, establishing incompatible standards of conduct for Defendant and resulting in the impairment of the IL Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties.

73. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

74. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

75. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

76. Common questions of law and fact exist as to the IL Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    (a)    whether Defendant violated the IMWL and the IWPCA, and the supporting Illinois Department of Labor Regulations;

    (b)    whether Defendant employed Plaintiff Black and the IL Rule 23 Class within the meaning of the IMWL and the IWPCA;

    (c)    whether Defendant paid Plaintiff Black and the IL Rule 23 Class at the proper minimum wage rate for all hours worked;

    (d)    whether Defendant properly compensated Plaintiff Black and the IL Rule 23 Class for hours worked in excess of 40 hours per workweek;

    (e)    whether Defendant has a policy of requiring Plaintiff Black and the IL Rule 23 Class to engage in work outside of their tipped occupation that should have been paid at the full Illinois minimum wage;

    (f)    whether Defendant distributed a portion of the tips paid by customers to workers who are not entitled to receive tips under the IMWL;

(g)     whether Defendant maintained a policy or practice of requiring, suffering, or permitting Plaintiff Black and the IL Rule 23 Class to work off-the-clock without proper compensation under Illinois law; and

(h)     the nature and extent of class-wide injury and the measure of damages for those injuries.

## NEW YORK CLASS ACTION ALLEGATIONS

77.     Plaintiff McDonald brings the Eighth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action, NYLL claims under Rule 23, on behalf of herself and all similarly situated current and former tipped workers employed at P.F. Chang's restaurants in New York  between April 1, 2010, which is six years prior to the filing of this Complaint, and the date of final judgment in this matter ("NY Rule 23 Class").

78.     Excluded from the NY Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the NY Rule 23 Class.

79.     The members of the NY Rule 23 Class ("NY Rule 23 Class Members") are readily ascertainable.  The number and identity of the NY Rule 23 Class Members are determinable from the Defendant's records.  The hours assigned and worked, the positions held, and the rates of pay for each NY Rule 23 Class Member are also determinable from Defendant's records.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Rule 23.

80.     The NY Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

81.     There are more than 100 NY Rule 23 Class Members.

82.     Plaintiff McDonald's claims are typical of those claims which could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

83.     All the NY Rule 23 Class Members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wages, failing to pay for off-the-clock work, misappropriating tips, failing to pay spread-of-hours pay, failing to provide accurate wage statements, and failing to provide proper annual wage notices.

84.     Plaintiff McDonald and the NY Rule 23 Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

85.     Plaintiff McDonald and the NY Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.  Defendant's corporate-wide policies and practices affected all NY Rule 23 Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the NY Rule 23 Class Members.

86.     Plaintiff McDonald and other NY Rule 23 Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

87.     Plaintiff McDonald is able to fairly and adequately protect the interests of

14

the NY Rule 23 Class Members and have no interests antagonistic to the NY Rule 23 Class Members.

88.     Plaintiff McDonald is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

89.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual NY Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual NY Rule 23 Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual NY Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual NY Rule 23 Class Members, establishing incompatible standards of conduct for Defendant and resulting in the impairment of the NY Rule 23 Class

15

Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

90.     Upon information and belief, Defendant and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

91.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

92.     Common questions of law and fact exist as to the NY Rule 23 Class that predominate over any questions only affecting Plaintiff McDonald and the NY Rule 23 Class Members individually and include, but are not limited to, the following:

(a)     whether Defendant violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor Regulations;

(b)     whether Defendant employed Plaintiff McDonald and the NY Rule 23 Class within the meaning of the NYLL;

(c)     whether Defendant paid Plaintiff McDonald and the NY Rule 23 Class at the proper minimum wage rate for all hours worked;

(d)     whether Defendant had a policy or practice of failing to provide adequate notice of their payment of a reduced minimum wage to Plaintiff McDonald and the NY Rule 23 Class;

16

(e)  whether Defendant has a policy of requiring tipped workers to engage in side work for two hours or more per day and/or for more than twenty percent of their time at work in violation of the NYLL;

(f)  whether Defendant failed to provide Plaintiff McDonald and the NY Rule 23 Class spread-of-hours pay when the length of their workday was greater than 10 hours;

(g)  whether Defendant distributed a portion of the tips paid by customers to workers who are not entitled to receive tips under the NYLL;

(h)  whether Defendant maintained a policy or practice of requiring, suffering, or permitting Plaintiff McDonald and the NY Rule 23 Class to work off-the-clock without proper compensation under the NYLL;

(i)  whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff McDonald and the NY Rule 23 Class, and other records required by the NYLL;

(j)  whether Defendant failed to furnish Plaintiff McDonald and the NY Rule 23 Class with proper annual notices, as required by the Wage Theft Prevention Act;

(k)  whether Defendant failed to furnish Plaintiff McDonald and the NY Rule 23 Class with accurate statements of wages, hours worked, rates paid, gross wages, and the claimed tip allowance, as required by the Wage Theft Prevention Act;

(l)  the nature and extent of class-wide injury and the measure of damages for those injuries.

## PLAINTIFFS' FACTUAL ALLEGATIONS

**Ryan Black**

93.   Throughout the duration of his employment at P.F. Chang's, Black received paychecks from Defendant that did not properly record or compensate him for all the hours that he worked.

94.   Defendant paid Black at the Illinois tipped minimum wage rate when he should have been paid at the full minimum wage rate.

95.   Defendant failed to inform Plaintiff Black of the tip credit provisions of

the FLSA.

96.     Defendant unlawfully required Black to share tips with QAs and expeditors, employees in positions that are not entitled to share tips under the FLSA and/or the IMWL.

97.     Defendant required Black to spend time engaging in side work duties for more than 20 percent of his work time in one or more individual work weeks and required him to perform non-tipped work that was unrelated to his tipped occupation. These duties included, but are not limited to, general cleaning of the restaurant; sweeping the floors; cleaning stainless steel kitchen appliances; restocking "to-go" supplies; restocking napkins; emptying garbage bins; cleaning service side stations; stocking plates/glassware/silverware; rolling silverware; refilling ice; cleaning and refilling chili oil, soy sauce, and hot mustard containers; cutting fruit; plating and preparing desserts for clients; and attending team meetings run by management.

98.     Defendant frequently required Black to perform work off-the-clock without compensation.

99.     For instance, Defendant required Black to remain clocked out during slow lunch shifts while he performed the above side work, and only allowed him to clock in with his first table.  As another example, Defendant required Black to perform opening side work during his regular weekend Saturday shift off-the-clock for approximately 2-3 hours, and also perform approximately 1.5 hours of closing side work-off-the-clock.

100.     Based on information and belief, some of the above-mentioned off-the-clock work was in excess of 40 hours per week and without proper overtime compensation.

101.    During his employment, Black generally worked the following scheduled hours unless he missed time for vacation, sick days, or holidays:

> 4 shifts per week, usually consisting of dinner shifts on Monday, Wednesday, and Friday, and a full day double shift on Saturday. Weeknight dinner shifts typically started at approximately 4:00 p.m., and ended between 10:00 p.m. – 12:00 a.m.  On Saturdays, Black would arrive usually between 8:00 a.m. – 9:00 a.m., prior to the opening of the restaurant to the public, and would usually leave approximately around 11:00 p.m. – 12:00 a.m.

102.    In addition to the above schedule, Defendant would require Black and other tipped workers to attend a mandatory team meeting during non-restaurant hours usually once a month.  These meetings would last approximately 1 hour to 1.5 hours, and would occur while the restaurant was closed to the public.

103.    Based on information and belief, Defendant would pay Black and other tipped workers at the tipped minimum wage rate for these hours spent attending these mandatory team meetings.

104.    Even when Defendant paid Black overtime premiums for some hours he worked in excess of 40 per workweek, these premiums were not calculated at the correct rate.

105.    Defendant made deductions from Black's compensation for reasons including, but not limited to, customer walkouts.

**Daynia McDonald**

106.    Defendant did not pay McDonald the proper wages for all of the time that she was suffered or permitted to work each workweek.

107.    Defendant paid McDonald at the New York tipped minimum wage rate when she should have been paid at the full minimum wage rate.

19

108.     Defendant did not provide McDonald with proper notification of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL, or the supporting regulations, or its intent to apply a tip credit to her wages.

109.     Defendant unlawfully required McDonald to share tips with QAs and/or expeditors, employees in positions that are not entitled to share tips under the FLSA and/or the NYLL.

110.     Defendant required McDonald to spend time engaging in dual job duties and side work for more than 20 percent of her shift.  These duties included, but are not limited to, general cleaning of the restaurant; sweeping the floors; cleaning stainless steel kitchen appliances; polishing and shining floor lamps; deep cleaning booths; retrieving items from the kitchen freezer; restocking "to-go" supplies; restocking napkins; emptying garbage bins; cleaning service side stations; stocking plates/glassware/silverware; rolling silverware; refilling ice; cleaning and refilling chili oil, soy sauce, and hot mustard containers; cutting fruit; plating and preparing desserts for clients; and attending team meetings run by management.

111.     Defendant frequently required McDonald to perform work off-the-clock without compensation.

112.     For instance, Defendant required McDonald to arrive approximately 30-45 minutes prior to lunch shifts and perform opening side work off-the-clock.   McDonald was also required to sometimes clock out and perform closing side work off-the-clock.

113.     During her employment, McDonald generally worked the following scheduled hours unless she missed time for vacation, sick days, or holidays:

> 5 shifts per week, usually consisting of lunch shifts and some dinner shifts.  In this regard, lunch shifts typically began

approximately at 10:15 a.m. through 4:00 p.m., and dinner shifts typically began at 3:30 p.m. – 4:00 p.m. through closing, which often lasted until 11:00 p.m. or 12:00 a.m., and sometimes through 2:00 a.m. – 2:30 a.m. In this regard, McDonald was required to remain at the restaurant performing closing side work until approximately 2:00 a.m. - 2:30 a.m. approximately five times per month.

114.    In addition to the above schedule, Defendant would require McDonald and other tipped workers to attend a mandatory team meeting during non-restaurant hours usually once a month. These meetings would last approximately 1 hour to 1.5 hours, and would occur while the restaurant was closed to the public.

115.    Based on information and belief, Defendant would pay McDonald and other tipped workers at the tipped minimum wage rate for these hours spent attending these mandatory team meetings.

116.    Defendant did not keep accurate records of wages or tips earned, or of hours worked by McDonald.

117.    Defendant failed to furnish McDonald with accurate statements of wages, hours worked, rates paid, gross wages, and the claimed tip allowance, and a proper annual wage notice.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on Behalf of Plaintiffs and the FLSA Collective Action Members)

118.    Plaintiffs, on behalf of themselves and the FLSA Collective Action Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

119.    At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

120.     At all relevant times, Plaintiffs have been Defendant's "employee[s]," as defined by the FLSA. 29 U.S.C. § 203(e)(1).

121.     Defendant was not eligible to avail itself of the federal tipped minimum wage rate under the FLSA because Defendant failed to inform Plaintiffs and the FLSA Collective Action Members of the provisions of subsection 203(m) of the FLSA, and distributed a portion of their tips to workers who do not "customarily and regularly" receive tips.

122.     Defendant also required Plaintiffs and the FLSA Collective Action Members to perform a substantial amount of side work in excess of twenty percent of their work time in one or more individual work weeks.  During these periods, Defendant compensated Plaintiffs and the FLSA Collective Action Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by the FLSA.

123.     Defendant also regularly required Plaintiff and the FLSA Collective Action Members to perform non-tipped side work ***unrelated*** to their tipped occupation such as sweeping floors, cleaning kitchen stainless steel appliances, and sorting and rolling silverware.  During these periods, Defendant compensated Plaintiffs and the FLSA Collective Action Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 *et seq*.

124.     Defendant also required Plaintiff Black and the FLSA Collective Action Members to pay for customer walkouts, which either prevented them from retaining all of their tips or resulted in Plaintiffs and the FLSA Collective Action Members being paid less than the full minimum wage rate, in violation 29 U.S.C. §§ 201 *et. seq.* and 29 C.F.R. § 531.35.

125.    Further, Defendant required Plaintiffs and the FLSA Collective Action Members to perform work off-the-clock and without compensation, depriving them of the minimum wage.

126.    Defendant's unlawful conduct, as described in this Complaint, was a willful violation of the FLSA.

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Action Members, pray for judgment against Defendant as follows:

A.    judgment in the amount of the owed minimum wages for all time worked by Plaintiffs and the FLSA Collective Action Members;

B.    liquidated damages equal to the amount of unpaid minimum wages;

C.    reasonable attorneys' fees and costs incurred in prosecuting this action; and

D.    such other and further relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff Black and the FLSA Collective Action Members)**

127.    Plaintiff Black, on behalf of himself and the FLSA Collective Action Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

128.    Plaintiff Black and the FLSA Collective Action Members were not exempt from the overtime provisions of the FLSA.

129.    Plaintiff Black and the FLSA Collective Action Members worked in excess of 40 hours during one or more individual workweeks in the relevant period.

130.    Defendant willfully failed to pay Plaintiff Black and FLSA Collective

Action Members one-and-one-half times the full minimum wage for all work in excess of 40 hours per work week.

WHEREFORE, Plaintiff Black, on behalf of himself and the FLSA Collective Action Members, prays for judgment against Defendant as follows:

A.    judgment in the amount of the owed overtime wages for all time worked by Plaintiff Black and the FLSA Collective Action Members;

B.    liquidated damages equal to the amount of unpaid overtime wages;

C.    reasonable attorneys' fees and costs incurred in prosecuting this action; and

D.    such other and further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
**Illinois Minimum Wage Law – Minimum Wages**
**(Brought on behalf of Plaintiff Black and the IL Rule 23 Class)**

131.    Plaintiff Black, on behalf of himself and the IL Rule 23 Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

132.    Defendant has engaged in a widespread pattern, policy, and practice of violating the IMWL, 820 ILCS 105/1, *et seq.* as detailed in this Complaint.

133.    At all times relevant hereto, Plaintiff Black and the IL Rule 23 Class have been employees of Defendant within the meaning of the IMWL, 820 105/3(d)

134.    At all times relevant hereto, Defendant has been the "employer" of Plaintiff Black and the IL Rule 23 Class Members within the meaning of the IMWL, 820 ILCS 105/3(c).

135.    At all times relevant hereto, Plaintiff Black and the IL Rule 23 Class have been covered by the IMWL.

136.     Defendant failed to pay  Plaintiff Black and the IL Rule 23 Class the minimum hourly wages to which they are entitled under the IMWL.

137.     Defendant required Plaintiff Black and the IL Rule 23 Class to perform a substantial amount of non-tipped side work not within the scope of a tipped occupation. During these periods,  Plaintiff Black and the IL Rule 23 Class were engaged in a non-tipped occupation, yet the Defendant compensated Plaintiff Black and the IL Rule 23 Class at the tipped minimum wage or lower rate, rather than the full hourly minimum wage rate as required by the IMWL.

138.     Defendant was not eligible to avail itself of the Illinois tipped minimum wage rate under the IMWL because Defendant required Plaintiff Black and the IL Rule 23 Class to participate in a tip pool that distributed tips to employees not entitled to share in tips in violation of the IMWL.

139.     The cost of the deductions for  customer walkouts resulted in Plaintiff Black and the IL Rule 23 Class either not retaining all of their tips or being paid less than the full minimum wage rate.

140.     Defendant required Plaintiff Black and the IL Rule 23 Class to perform work off-the-clock and without compensation, depriving them of the minimum wage.

141.     Defendant was required to pay Plaintiff Black and the IL Rule 23 Class the full minimum wage at a rate of $8.25 per hour for all hours worked from July 1, 2010 to the present under the IMWL, 820 ILCS 105/4.

142.     Through its knowing or intentional failure to pay minimum hourly wages to Plaintiff Black and the IL Rule 23 Class, Defendant has violated the IMWL, 820 ILCS 105/1, *et seq.*

WHEREFORE, Plaintiff Black and the proposed IL Rule 23 Class Members pray for judgment against Defendant as follows:

A       judgment in the amount of all minimum wages due as provided by the IMWL;

B.      punitive damages of two percent (2%) per month of the amount of underpayment;

C.      reasonable attorneys' fees and costs as provided by the IMWL; and

D.      such other and further relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION
**Illinois Minimum Wage Law – Overtime Compensation**
**(Brought on behalf of Plaintiff Black and the IL Rule 23 Class)**

143.      Plaintiff Black, on behalf of himself and the IL Rule 23 Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

144.      Defendant failed to pay Plaintiff Black and the IL Rule 23 Class the proper overtime wages to which they are entitled under the IMWL, 820 ILCS 105/1, *et seq*.

145.      Defendant failed to pay Plaintiff Black and the IL Rule 23 Class one-and-one-half times the full minimum wage for all work in excess of 40 hours per work week.

146.      Through its knowing or intentional failure to pay Plaintiff Black and the IL Rule 23 Class overtime wages for hours worked in excess of 40 hours per work week, Defendant has willfully violated the IMWL, 820 ILCS 105/1, *et seq.*

WHEREFORE, Plaintiff Black and the proposed IL Rule 23 Class Members pray for judgment against Defendant as follows:

A.      judgment in the amount of all unpaid overtime wages due under the

IMWL;

B.      punitive damages of two percent (2%) per month of the amount of underpayment;

C.      reasonable attorneys' fees, and costs; and

D.      such other and further relief as this Court deems just and proper.

### FIFTH CAUSE OF ACTION
**Illinois Minimum Wage Law – Tip Misappropriation**
**(Brought on behalf of Plaintiff Black and the IL Rule 23 Class)**

147.      Plaintiff Black, on behalf of himself and the IL Rule 23 Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

148.      Defendant knowingly and intentionally required Plaintiff Black and the IL Rule 23 Class to share a portion of the gratuities they received with employees other than waiters, servers, bussers, or similar tipped employees, in violation of the IMWL.

149.      By Defendant's knowing or intentional requirement that Plaintiff Black and the IL Rule 23 Class share a portion of their gratuities with employees ineligible to receive gratuities, Defendant has willfully violated the IMWL.

WHEREFORE, Plaintiff Black and the proposed IL Rule 23 Class Members pray for judgment against Defendant as follows:

A.      judgment in the amount of all unpaid gratuities;

B.      punitive damages in the amount of two percent (2%) per month of the amount of underpayment;

C.      reasonable attorneys' fees, and costs; and

D.      such other and further relief as this Court deems just and proper.

**SIXTH CAUSE OF ACTION**
**Illinois Wage Payment and Collection Act**
**(Brought on behalf of Plaintiff Black and the IL Rule 23 Class)**

150.      Plaintiff Black, on behalf of himself and the IL Rule 23 Class, realleges

and incorporates by reference all allegations in all preceding paragraphs.

151.      Defendant has engaged in a widespread pattern, policy, and practice of

violating the IWPCA, 820 ILCS 115/1, *et seq.*, as detailed in this Complaint.

152.      At all times relevant, Plaintiff Black and the IL Rule 23 Class have been

"employees" within the meaning of the IWPCA, 820 ILCS 115/1, *et. seq.*

153.      At all times relevant, Defendant has been an "employer" of Plaintiff

Black and the IL Rule 23 Class within the meaning of the IWPCA, 820 ILCS 115/1, *et.*

*seq..*  Defendant was at all times aware of its obligations to pay its hourly employees for

all times they worked, and are aware of the compensation actually paid to Plaintiff Black

and the IL Rule 23 Class.

154.      At all times relevant hereto, Plaintiff Black and the IL Rule 23 Class have

been covered by the IWPCA.

155.      The wage provisions of Act 115 of the IWPCA apply to Defendant and

protect Plaintiff Black and the IL Rule 23 Class.

156.      Plaintiff Black and the IL Rule 23 Class had an agreement with Defendant

at the outset of their employment that they would receive their hourly wage for all time

worked for Defendant.

157.      Defendant instituted practices that resulted in Plaintiff Black and the IL

Rule 23 Class working certain times without compensation.  Plaintiff Black and the IL

Rule 23 Class were instructed by their supervisors to clock out and to continue to work

off-the-clock. As a result, Defendant failed to compensate Plaintiff Black and the IL

Rule 23 Class for all the time worked.

WHEREFORE, Plaintiff Black and the proposed IL Rule 23 Class Members pray

for judgment against Defendant as follows:

A.      judgment in the amount of all unpaid gratuities;

B.      punitive damages in the amount of two percent (2%) per month of the

        amount of underpayment;

C.      reasonable attorneys' fees, and costs; and

D.      such other and further relief as this Court deems just and proper.

**SEVENTH CAUSE OF ACTION**
**Illinois Wage Payment and Collection Act – Unlawful Deductions From Wages or**
**Final Compensation**
**(Brought on behalf of Plaintiff Black and the IL Rule 23 Class)**

158.      Plaintiff Black, on behalf of himself and the IL Rule 23 Class, realleges

and incorporates by reference all allegations in all preceding paragraphs.

159.      Defendant made unlawful deductions from the wages of Plaintiff Black

and the IL Rule 23 Class. These deductions included, but were not limited to, customer

walkouts.

160.      The deductions made from the wages of Plaintiff Black and the IL Rule 23

Class were not authorized or required by law or in response to a valid wage assignment or

wage deduction order.

161.      The deductions made from the wages of Plaintiff Black and the IL Rule 23

Class were not expressly consented to in writing by Plaintiff Black and the IL Rule 23

Class, or were not for the benefit of Plaintiff Black and the IL Rule 23 Class.

162.      Through its knowing or intentional efforts to permit unauthorized

deductions from the wages of Plaintiff Black and the IL Rule 23 Class, Defendant has willfully violated IWPCA, 820 ILCS 115/1, *et seq*.

WHEREFORE, Plaintiff Black and the proposed IL Rule 23 Class Members pray for judgment against Defendant as follows:

A.   judgment in the amount of all unlawful deductions;

B.   punitive damages in the amount of two percent (2%) per month of the amount of underpayment;

C.   reasonable attorneys' fees, and costs;

D.   such other and further relief as this Court deems just and proper.

## EIGHTH CAUSE OF ACTION
### New York Labor Law – Minimum Wage
### (Brought on behalf of Plaintiff McDonald and the NY Rule 23 Class)

163.    Plaintiff McDonald, on behalf of herself and the NY Rule 23 Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

164.     Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

165.    At all times relevant, Plaintiff McDonald and the NY Rule 23 Class have been employees of Defendant, and Defendant has been the employer of Plaintiff McDonald and the NY Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

166.    At all times relevant, Plaintiff McDonald and the NY Rule 23 Class have been covered by the NYLL.

167.    The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendant, and protect Plaintiff

McDonald and the NY Rule 23 Class.

168.     Defendant failed to pay Plaintiff McDonald and the NY Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

169.     Defendant failed to provide Plaintiff McDonald and the NY Rule 23 Class with the statutorily required language that it would be paying Plaintiff McDonald and the NY Rule 23 Class the tipped minimum wage rate and distributed a portion of their tips to workers who do not "customarily and regularly" receive tips.

170.     Defendant required Plaintiff McDonald and the NY Rule 23 Class to perform a substantial amount of non-tipped side work in excess of two hours or more, or twenty percent of their work time.  During these periods, Plaintiff McDonald and the NY Rule 23 Class were engaged in a non-tipped occupation, yet they were compensated by Defendant at the tipped minimum wage rate rather than the full hourly minimum wage rate as required by the NYLL and the supporting New York State Department of Labor Regulations.

171.     Further, Defendant required Plaintiff McDonald and the NY Rule 23 Class to perform work off-the-clock and without compensation, depriving them of the minimum wage.

172.     Defendant was required to pay Plaintiff McDonald and the NY Rule 23 Class the full minimum wage at a rate of; (a) $7.25 per hour for all hours worked from July 24, 2009 through the December 30, 2013; (b) $8.00 per hour for all hours worked from December 31, 2013  to December 30, 2014; (c) $8.75 per hour for all hours worked from December 31, 2014 to December 30, 2015; and (d) $9.00 per hour for all hours

worked from December 31, 2015 to the present under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

173.    Through its knowing or intentional failure to pay minimum hourly wages to Plaintiff McDonald and the NY Rule 23 Class, Defendant has willfully violated the NYLL,  Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

WHEREFORE, Plaintiff McDonald and the proposed NY Rule 23 Class Members pray for judgment against Defendant as follows:

A.    judgment in the amount of all unpaid minimum wages;

B.    liquidated damages as provided for by the NYLL;

C.    reasonable attorneys' fees, costs;

D.    pre-judgment and post-judgment interest; and

E.    such other and further relief as this Court deems just and proper.

### NINTH CAUSE OF ACTION
### New York Labor Law – Spread of Hours Pay
### (Brought on behalf of Plaintiff McDonald and the NY Rule 23 Class)

174.    Plaintiff McDonald, on behalf of herself and the NY Rule 23 Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

175.    At times, Plaintiff McDonald and the NY Rule 23 Class worked more than 10 hours in a workday.

176.    Defendant willfully failed to compensate Plaintiff McDonald and the NY Rule 23 Class one hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than 10 hours, as required by New York law.

177.     Through its knowing or intentional failure to pay Plaintiff McDonald and the NY Rule 23 Class spread-of-hours pay, Defendant has willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

WHEREFORE, Plaintiff McDonald and the proposed NY Rule 23 Class Members pray for judgment against Defendant as follows:

A.     judgment in the amount of all unpaid spread-of-hours wages;

B.     liquidated damages as provided for by the NYLL;

C.     pre-judgment and post-judgment interest;

D.     reasonable attorneys' fees and costs; and

E.     such other and further relief as this Court deems just and proper.

### TENTH CAUSE OF ACTION
**New York Labor Law – Tip Misappropriation**
**(Brought on behalf of Plaintiff McDonald and the NY Rule 23 Class)**

178.     Plaintiff McDonald, on behalf of herself and the NY Rule 23 Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

179.     Defendant required Plaintiff McDonald and the NY Rule 23 Class to share a portion of the gratuities they received with employees other than waiters, servers, bussers, or similar employees, in violation of NYLL, Article 6 § 196-d, and the supporting New York State Department of Labor Regulations.

180.     By Defendant's knowing or intentional requirement that Plaintiff McDonald and the NY Rule 23 Class share a portion of their gratuities with employees ineligible to receive gratuities, Defendant has willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

WHEREFORE, Plaintiff McDonald and the proposed NY Rule 23 Class
Members pray for judgment against Defendant as follows:

      A.     judgment in the amount of all unpaid gratuities;

      B.     liquidated damages as provided for by the NYLL;

      C.     pre-judgment and post-judgment interest;

      D.     reasonable attorneys' fees and costs; and

      E.     such other and further relief as this Court deems just and proper.

### ELEVENTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Proper Annual Wage Notices**
**(Brought on behalf of Plaintiff McDonald and the NY Rule 23 Class)**

181.     Plaintiff McDonald, on behalf of herself and the NY Rule 23 Class,
realleges and incorporates by reference all allegations in all preceding paragraphs.

182.     Defendant has failed to supply Plaintiff McDonald and the NY Rule 23
Class with proper annual wage notices, as required by NYLL, Article 6, § 195(1), in
English or in the language identified as their primary language, containing Plaintiff
McDonald's and the NY Rule 23 Class's rate or rates of pay and basis thereof, whether
paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates
of pay and overtime rate or rates of pay if applicable; the regular pay day designated by
the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any
"doing business as" names used by the employer; the physical address of the employer's
main office or principal place of business, and a mailing address if different; the
telephone number of the employer; plus such other information as the commissioner
deems material and necessary.

183.     Through its failure to provide Plaintiff McDonald and the NY Rule 23

Class with proper annual wage notices required by the NYLL, Defendant violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

WHEREFORE, Plaintiff McDonald and the proposed NY Rule 23 Class Members pray for judgment against Defendant as follows:

A. statutory penalties of fifty dollars for each workday that Defendant failed to provide them with proper annual wage notices, or a total of five thousand dollars;

B. injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b);

C. reasonable attorneys' fees and costs; and

D. such other and further relief as this Court deems just and proper.

## TWELFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiff McDonald and the NY Rule 23 Class)

184. Plaintiff McDonald, on behalf of herself and the NY Rule 23 Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

185. Defendant has failed to supply Plaintiff McDonald and the NY Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and

net wages.

186.     Through its failure to provide Plaintiff McDonald and the NY Rule 23 Class

with the accurate wage statements required by the NYLL, Defendant violated NYLL, Article

6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

WHEREFORE, Plaintiff McDonald and the proposed NY Rule 23 Class

Members pray for judgment against Defendant as follows:

A.     statutory penalties of $250 dollars for each workweek that Defendant failed

to provide them with accurate wage statements, or a total of five thousand

dollars;

B.     injunctive and declaratory relief, as provided for by NYLL, Article 6, §

198(1-d);

C.     reasonable attorneys' fees and costs; and

D.     such other and further relief as this Court deems just and proper.

Dated:  April 1, 2016

Respectfully submitted,

s/Douglas M. Werman
One of Plaintiffs' Attorneys

**WERMAN SALAS P.C.**
Douglas M. Werman
77 West Washington Street
Suite 1402
Chicago, IL 60602
Telephone: 312-419-1008

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer (*Pro Hac Vice Forthcoming*)
Armando A. Ortiz (*Pro Hac Vice Forthcoming*)
28 Liberty Street, 25th Floor
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for the Plaintiffs and Putative Classes*